UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 21-175-DLB

DONALD ROLIN PHILLIPS                                          PETITIONER

v.                       MEMORANDUM OPINION AND ORDER

ANDY BESHEAR, Governor                                         RESPONDENT

*** *** *** ***

Petitioner Donald Rolin Phillips is a state inmate confined at the Northpoint Training Center ("NTC") in Burgin, Kentucky. Phillips has filed a *pro se* petition for a writ of habeas corpus (Doc. # 1) and has paid the $5.00 filing fee. (Doc. # 7). Thus, this matter is before the Court to conduct the initial screening of the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In 2001, Phillips was convicted by a jury in the Leslie County (Kentucky) Circuit Court of two counts of first-degree murder and was sentenced to life imprisonment with no possibility of parole for twenty-five years. *Commonwealth v. Phillips*, No. 99-CR-00026 (Leslie Cir. Ct.).[1] In 2017, the United States Court of Appeals for the Sixth Circuit granted Phillips a conditional writ of habeas corpus requiring the Commonwealth of Kentucky to resentence him within 90 days or release him. *Phillips v. White*, 851 F.3d 567 (6th Cir.

---

[1]   The Kentucky Court of Justice online court records are available at https://kcoj.kycourts.net/kyecourts. The Court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).

1

2017).  After a re-sentencing trial in 2017, the Leslie Circuit Court again sentenced Phillips to life imprisonment with no possibility of parole after twenty-five years.  (Doc. # 1-1 at 2).

In his petition, Phillips challenges the conditions of his confinement on the ground that he "is being denied the basic human need of the space necessary to adequately distance himself from other prisoners, guards, and staff thereby exposing him to an unreasonable risk of serious illness or death from COVID-19 in violation of the 8th Amendment of the United States Constitution." (Doc. # 1 at 4).  Phillips states that he is sixty-one years of age and has several medical conditions which he asserts make him prone to excessive blood clotting and stroke and place him in a high risk category from becoming ill from COVID-19.  Phillips states that he has twice contracted COVID-19, and has since been vaccinated.  (Docs. # 1 at 4 and 1-1 at 3, 6-8).  As grounds for relief, Phillips contends that: (1) although prison guards have been instructed to wear masks, there have been occasions where they have been seen not doing so; (2) the size and layout of the prison is not compatible with social distancing under Centers for Disease Control and Prevention ("CDC") guidelines; (3) while most of Kentucky's prisoners have been vaccinated, a "significant number" of prisoners guards, staff, and contractors continue to refuse the vaccine; and (4) the risk of re-infection from COVID-19 at NTC constitutes cruel and unusual punishment in violation of the Eighth Amendment.  For relief, Phillips seeks release from custody.  (Doc. # 1-1 at 4-9).

The Court has thoroughly reviewed the petition and the attachments Phillips has filed in support of it, but must deny the petition because Phillips's claims are not proper in a habeas petition filed pursuant to 28 U.S.C. § 2241.  Section 2241 is typically a vehicle for challenges to the fact or duration of a prisoner's confinement, such as the way his

sentence credits are being computed or his parole eligibility determined. It may not be used to challenge the specific conditions of an inmate's confinement. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."); *Muhammed v. Close*, 540 U.S. 749, 750 (2004) (holding that while "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action.").

While there are very limited circumstances in which a petitioner may seek immediate release in a § 2241 petition based on the conditions of the prisoner's confinement, this is only permitted where a petition claims that *no* set of conditions that exist sufficient to constitutionally confine the prisoner. In this very narrow circumstance, "the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement." *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020). However, unlike the "medically vulnerable subclass" of petitioners permitted to raise their claim in a § 2241 petition in *Wilson*, Phillips does not contend that there are *no* conditions that would be constitutionally sufficient for his confinement, even in light of his underlying health conditions. Rather, he argues that the risks he faces are the result of non-compliance with the prison's rules and CDC guidance regarding masking and social distancing. Because compliance with those rules would alleviate Phillips's concerns, his claims do not fall within the heart of habeas corpus. *Id*. at 838-39; *see also Rummelt v. Cheeks*, No. 21-10757, 2021 WL 4921203, at *2 (E.D. Mich. Oct. 20, 2021).

Moreover, Phillips states that "[s]ince December's outbreak of COVID-19, most of Kentucky's prisoners – including [Phillips] – have been vaccinated against the disease," although he claims a "significant number" of prisoners, guards, staff, and contractors continue to refuse the vaccine. (Doc. #1-1 at 8). The Sixth Circuit has discussed the significance of the availability of the COVID-19 vaccine in the context of a motion for a sentence reduction filed by a federal prisoner pursuant to 18 U.S.C. 3582(c)(1)(A)(i), holding that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (Easterbrook, J.)). As further explained by the Sixth Circuit:

> After all, with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated. To be sure, inmates in some respects face social distancing challenges distinct from those of the general public (although perhaps not entirely unlike students in dorm rooms, individuals in medical and assisted care facilities, and even residents of densely occupied apartment complexes). But to the extent prisons do offer some unique challenges, the vaccine now significantly reduces the risks associated with COVID-19. And at this intersection of law and science, we find wisdom in Judge Easterbrook's assessment that "for people living in close quarters, vaccines offer relief far more effective than a judicial order."

*Id*. (quoting *Broadfield*, 5 F.4th at 803). *See also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021). Similarly, Phillips's access to the COVID-19 vaccine undercuts any argument that no conditions exist in which he may be constitutionally confined.

Finally, a state prisoner is required to exhaust his available remedies in the courts of the state that imposed his sentence before seeking relief in federal court under § 2241. *Winburn v. Nagy*, 956 F.3d 909, 913 (6th Cir. 2020). The exhaustion rule requires the

4

prisoner to "appeal an adverse decision all the way to the state's court of last resort." *Phillips v. Court of Common Pleas*, 668 F.3d 804, 810 (6th Cir. 2012).

In his Memorandum, Phillips claims that "[t]here is no corrective process available in the state courts of Kentucky," thus the exhaustion requirement should be waived. (Doc. # 1-1 at 2-3). It is true that failure to exhaust may be excused "where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks." *Fazzini v. N.E. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006); *see also Goar v. Civiletti*, 688 F.2d 27, 28–29 (6th Cir. 1982). However, while Phillips contends that there is no mechanism at all for the courts of Kentucky to address his claims, this Court has expressly held otherwise. *See Blackburn v. Noble*, 479 F.Supp.3d 531, 538-39 (E.D. Ky. 2020) (*citing* KRS § 202A.151). Because Phillips has failed to pursue his claims through the Kentucky judicial system in the first instance, they are unexhausted.

For each of the foregoing reasons, it is hereby **ORDERED** as follows:

(1)  Phillips's petition for a writ of habeas corpus (Doc. # 1) is **DENIED**.

(2)  All pending motions are **DENIED** as moot.

(3)  The Court will enter an appropriate Judgment.

(4)  This matter is **STRICKEN** from the docket.

This 29th day of November, 2021.



Signed By:
*David L. Bunning*
United States District Judge

M:\DATA\ORDERS\PSO Orders\6-21-75 Order.docx